## Matter of Bellamy

### 2024 NY Slip Op 34438(U)

December 16, 2024

Surrogate's Court, New York County

Docket Number: File No. 2019-1735/I

Judge: Rita Mella

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------------------x

In the Matter of the Petition of Cecily Bellamy, to Remove
Phyllis Dubrow as Executor of the Estate of

ROSA BELLAMY,

Deceased,

And for Related Relief.

--------------------------------------------------------------------------x

New York County Surrogate's Court
DATA ENTRY DEPT.

DEC 1 6 2024

DECISION and ORDER
File No.: 2019-1735/I/J/K

M E L L A, S.:

The following papers were considered in deciding this motion for partial summary
determination:

| Papers Considered | Numbered |
|---|---|
| Notice of Motion, Affirmation of John G. Farinacci, Esq., in Support Of Motion for Partial Summary Judgment, with Exhibits | 1, 2 |
| Affirmation of Maria M. Marai, Esq., Guardian ad Litem, in Opposition to the Motion for Partial Summary Judgment | 3 |
| Affirmation of Christopher J. Eisenhardt, Esq., Attorney for Lauralyn Bellamy, in Opposition to the Motion for Partial Summary Judgment | 4 |
| Affidavit of Lauralyn Bellamy in Opposition to the Motion for Partial Summary Judgment | 5 |
| Affidavit of Phyllis E. Dubrow, Esq., in Opposition to the Motion for Partial Summary Judgment, with Exhibits | 6 |

At the call of the calendar of November 3, 2023, the court denied, for the reasons stated

below, the motion of Cecily Bellamy (Petitioner) for partial summary judgment (CPLR 3212) in

this proceeding to remove Phyllis Dubrow (Respondent), as Executor of the estate of Rosa

Bellamy.

[* 1]

Background

Rosa Bellamy died on April 13, 2019, survived by two daughters, Petitioner and Lauralyn Bellamy (Lauralyn). A will dated December 24, 2016, as amended by codicil dated July 14, 2017, was admitted to probate, without contest, and Letters Testamentary issued on July 25, 2019, to the nominated Executor, Phyllis Dubrow, who was decedent's attorney and the drafter of the propounded instruments.

In her will, Decedent specifically bequeathed her shares of her Manhattan Cooperative Apartment (Apartment) to a trust, established under Article VIII, for the benefit of Petitioner. Although Lauralyn is the remainder beneficiary of the Article VIII Trust, the Trustee has full discretionary power to invade the trust corpus for Petitioner's benefit during her lifetime "even to the extent of it all."

The Apartment is the primary asset of the estate and, once it is transferred to the Article VIII Trust, it appears that there would be insufficient assets in the estate to satisfy many, if not all of the numerous other bequests in the will, including bequests to Lauralyn. In addition, the Executor claims that the remaining assets will not cover anticipated administration expenses. The Executor has refrained from funding the Article VIII Trust with the shares of the Apartment, alleging that doing so might conflict with other provisions of the will, provisions which would benefit Lauralyn and others.

In July of 2020, the Executor filed with this court a petition wherein she seeks to compel Petitioner to turn over $300,000 that the Executor alleges the decedent transferred to Petitioner prior to her death at a time when she had diminished capacity. Petitioner responded by petitioning to compel the Executor to fund the Article VIII Trust. In June of 2021, the Executor filed an intermediate account in which she asked that the court construe certain provisions of

2

decedent's will related to a bequest for Lauralyn. All of the above-described proceedings are pending before the court.

## Underlying Proceeding

In 2023, Petitioner commenced the instant proceeding to remove the Executor, pursuant to SCPA 711 and 719. Petitioner also asks the court to impose surcharges and deny commissions to the Executor. Petitioner alleges that the Executor is unfit and has exhibited bias and hostility towards her. Petitioner also alleges that the Executor breached her fiduciary duty of loyalty and impartiality with the goal of maximizing her own Executor's commissions. She recounts a number of instances where the Executor allegedly exhibited this hostility and bias, but the most impactful, according to Petitioner, is the Executor's failure to transfer the shares associated with the Apartment to the Article VIII Trust.

In her Answer, the Executor responded that she could not transfer the apartment to the Article VIII Trust because it would leave insufficient estate funds to pay expenses or to satisfy the numerous specific bequests made in Decedent's will and, in any event, the Co-op Board would not approve the transfer of the shares to the Article VIII Trust. Furthermore, the Executor alleges that she is obligated as fiduciary to pursue return of the $300,000 pre-death transfer to Petitioner and that the Executor was similarly obligated to seek the court's ruling on how a provision of decedent's will should be construed.

## Motion for Partial Summary Judgment

Petitioner moved for partial summary judgment, asking that the court remove Dubrow as Executor on the grounds that she cannot maintain her neutrality as a fiduciary. In the alternative, Petitioner requested that the Executor be suspended pending a hearing on her removal.

Summary judgment is available only where no material issues of fact exist (*Alvarez v*

3

*Prospect Hosp.*, 68 NY2d 320 [1986]). The party seeking summary judgment "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*id.* at 324 [citations omitted]). If such a showing is made, the party opposing summary judgment must then come forward with proof in admissible form that establishes a genuine issue of material fact or must provide an acceptable excuse for the failure to do so (*Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]).

On the record, on November 3, 2023, the Court concluded that, in support of the motion, Petitioner provided evidence that the Executor had sought in this court to construe a provision of the decedent's will in a manner that would entitle one beneficiary (Lauralyn) to receive $135,000 under the will and that such position was contrary to the one adopted by another beneficiary (Petitioner). The court also concluded that Petitioner had provided evidence that the Executor had sought to support her construction application with her own affidavit offering the Executor's "actual knowledge" of decedent's intent concerning the testamentary provision at issue.

Because it is well established that a fiduciary "cannot, at the expense of the estate, take a position on behalf of one beneficiary as against another beneficiary" (*Matter of Martin*, 1 Misc 3d 769 [Sur Ct, Nassau County 2003]), the court determined that Petitioner had established, prima facie, her entitlement to judgment as a matter of law on her claim that the Executor has favored the interests of one beneficiary over hers. In opposition to the motion, however, the Executor explained[1] that as the estate fiduciary, she was obligated to pursue the construction question and to "report [her] understanding of decedent's intention." On this record, the court concluded that the Executor had raised an issue of fact that requires a trial as to whether her

---

[1] In her affidavit in opposition to the motion, the Executor adopts the arguments she made in an affidavit in opposition to the removal petition itself and the court considered those arguments as if made in the affidavit in opposition to the instant motion.

4

actions in the construction proceeding, even if they constituted a violation of her duty of impartiality, interfered with the administration of the estate or in any way harmed Petitioner to an extent that would support removal of the fiduciary chosen by the Testator.

The court also found that Petitioner established a prima facie entitlement to judgment as a matter of law on her claim that the Executor should be removed as a result of her failure to distribute decedent's interest in the Apartment to the Trust for Petitioner's life-time benefit. In opposition, however, the court found that the Executor raised a material issue of fact by providing proof that there are outstanding administration expenses that may need to be satisfied with the proceeds of the sale of the Apartment and that, in any event, it is unclear whether the Co-op Board would approve the transfer of the apartment to the Trust.

Finally, the court denied the Executor's request for sanctions to be imposed on Petitioner's counsel. In view of the disposition of the motion, the court determined that there was no basis to conclude that the only purpose behind the motion was to harass the Executor.

This decision, together with the transcript of the November 3, 2023 proceedings, constitutes the order of the Court. The clerk is directed to email this decision to the parties whose names and email addresses are listed below.

Dated: December 16, 2024

_____
SURROGATE

John Farinacci: jfarinacci@rmfpc.com
Cecily Bellamy: cecilybellamy@gmail.com
Phyllis Dubrow: pdubrow@pipeline.com
Christopher Eisenhardt: cjeisenhardt@norris-law.com
Maria Marai: mail@attorney-marai.com

[* 5]